**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

Ramales Photography LLC,

                    Plaintiff,

          v.

Telecinco, Inc.,

                   Defendant.

Case No:

JURY TRIAL DEMAND

**COMPLAINT**

Plaintiff Ramales Photography LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Telecinco, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.    This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2.    Felipe Ramales ("*Ramales*") created photographs of actress Anne Hathaway ("*Photographs 1-2*") spotted in New York City and of actor Orlando Bloom carrying his dog ("*Photograph 3*") (hereinafter referred to collectively as the *"Photographs")* in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.    Defendant owns and operates a social media account on Facebook known as "PRIMETIME por ABC Puerto Rico" ("*Account 1*").

4.    Defendant owns and operates a social media account on Instagram known as @primetimeabc ("*Account 2*"). (Hereinafter the social media platforms set forth above of "Account 1" and "Account 2" are collectively referred to as the *"Accounts")*

5.    Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photographs on the Accounts and engaged in this misconduct knowingly and in violation of the United States copyright laws.

1

**PARTIES**

6.      Ramales Photography LLC is a New York limited liability company and maintains its principal place of business in Bronx County, New York.

7.      Upon information and belief, defendant Telecinco, Inc., is a Puerto Rico corporation with a principal place of business at Avenida José González Clemente #449, Mayagüez in Mayagüez County, Puerto Rico.

**JURISDICTION AND VENUE**

8.      This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9.      This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Puerto Rico.

10.      Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

A.      **Plaintiff's Copyright Ownership**

11.      Plaintiff is a professional photography company by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

12.      Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

13.      Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

14.      Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

15.      On July 10, 2025, Plaintiff first published Photograph 1. A copy of Photograph 1 is attached hereto as Exhibit 1.

2

16.     On July 10, 2025, Plaintiff first published Photograph 2. A copy of Photograph 2 is attached hereto as Exhibit 1.

17.     On September 5, 2025, Photographs 1-2 were registered by the USCO under Registration No. VA 2-467-002.

18.     On June 10, 2025, Plaintiff first published Photograph 3. A copy of Photograph 3 is attached hereto as Exhibit 1.

19.     On September 4, 2025, Photograph 3 was registered by the USCO under Registration No. VA 2-467-003.

20.     In creating the Photographs, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the images and made each and every artistic determination necessary for the creation of the works.

21.     Plaintiff created the Photographs with the intention of it being used commercially and for the purpose of display and/or public distribution.

22.     Plaintiff acquired the rights in and to the Photographs by way of a valid written transfer agreement.

**B.     Defendant's Infringing Activity**

23.     Defendant is the registered owner of Accounts and is responsible for its content.

24.     Defendant is the operator of the Accounts and is responsible for its content.

25.     The Accounts are part of and used to advance Defendant's commercial enterprise.

26.     Upon information and belief, Defendant is a sophisticated media company which owns a comprehensive portfolio of digital marketing assets and has advanced operational and strategic expertise in an industry where copyright is prevalent.

27.     Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific journalistic practices including the need to ensure that images used in their posts have been properly licensed.

28.     Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal

3

compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

29.     Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

30.     Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

31.     On or about July 14, 2025, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Photograph 1 on Account 1 as part of on-line posts at URLs:

https://www.facebook.com/primetimeabc/posts/pfbid02m1DKr8G5hHQvowkQuaW9T19KrnZ6V1kh3BcPWYY7Nv2e83yK5xTYAp6Qhv76i2dhl     (“*Infringement     1*”)     and https://www.facebook.com/photo?fbid=1321837099945638&set=pcb.1321839229945425 (“*Infringement 2*”). Copies of screengrabs depicting Infringements 1-2 are attached hereto as Exhibit 2.

32.     The Photograph was intentionally and volitionally copied and stored by Defendant at     URL:     https://scontent-lga3-1.xx.fbcdn.net/v/t39.30808-6/517677790_1321837103278971_6206127186143228707_n.jpg?_nc_cat=103&ccb=1-7&_nc_sid=127cfc&_nc_ohc=OpJKBTpm2HcQ7kNvwEJVmGu&_nc_oc=Adlpp01lF6mL4q0cHT8BhmW-YAHtHUGI8XAmTnANQMkDHVE9Ljs9-Lxbe3aVwogQYWNOFlsPr4KsDwQBjpDWmsXE&_nc_zt=23&_nc_ht=scontent-lga3-1.xx&_nc_gid=fW8FcZsQuTx1_QHbX8WBGA&oh=00_AfZVPCQzhSEgmadWDpJl_39Z3synDFeai1EoCYvdG2Bvkw&oe=68C7B936.

33.     On or about July 14, 2025, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Photograph 2 on Account 1 as part of an on-line post at     URL: https://www.facebook.com/photo?fbid=1321837069945641&set=pcb.1321839229945425

("*Infringement 3*"). A copy of a screengrab depicting Infringement 3 is attached hereto as <u>Exhibit 2</u>.

34.     The Photograph was intentionally and volitionally copied and stored by Defendant at                     URL:                     https://scontent-lga3-1.xx.fbcdn.net/v/t39.30808-6/518369908_1321837079945640_5855199415446841489_n.jpg?_nc_cat=111&ccb=1-7&_nc_sid=127cfc&_nc_ohc=MOP2OguTj6cQ7kNvwFS4_VP&_nc_oc=AdneCvAfYuTj9JYx Vzmget90HphHRz2bzJJEVrqyl7z-AYW04becP5wg46TwqLq6b3-PMJWDdsl0DATEeFNhP_Zr&_nc_zt=23&_nc_ht=scontent-lga3-1.xx&_nc_gid=k3lwSY_G_bkGBrYP3qxYnw&oh=00_AfbwAqCG036OQf-Q1k070YC20a7T9s2KFP7FB5ceIBahYA&oe=68C7A02C.

35.     Plaintiff first observed Infringements 1-3 on September 10, 2025.

36.     On or about June 12, 2025, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Photograph 3 on Account 1 as part of an on-line post at                                                                 URL: https://www.facebook.com/photo?fbid=1293886826073999&set=pcb.1293886896073992 ("*Infringement 4*"). A copy of a screengrab depicting Infringement 4 is attached hereto as <u>Exhibit 2</u>.

37.     On or about June 12, 2025, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Photograph 3 on Account 2 as part of an on-line post at URL: https://www.instagram.com/p/DKzvh5KtRxM/ ("*Infringement 5*"). A copy of a screengrab depicting Infringement 5 is attached hereto as <u>Exhibit 2</u>. (Hereinafter the unauthorized uses set forth above is referred to as the "*Infringements*").

38.     The Photograph was intentionally and volitionally copied and stored by Defendant at                     URL:                     https://scontent-lga3-2.xx.fbcdn.net/v/t39.30808-6/506465964_1293805939415421_3790772634051969323_n.jpg?_nc_cat=105&ccb=1-7&_nc_sid=127cfc&_nc_ohc=1odyZbV35cMQ7kNvwGJiTxV&_nc_oc=Adm1z7bWVoxJfRCp liZP0SJsX9tv5ZAZjVQMPJw7f3UmpPZBV7Y45d60ieOXWbt1587aOV2RfXUDQWb6sLKcxl

5

vi&_nc_zt=23&_nc_ht=scontent-lga3-2.xx&_nc_gid=ZBXTvTiU0px2FO-0YCAcug&oh=00_AfYj7X7R79SaNCOBN8ycduVIske1myD77U_5Z5R3TvZQDA&oe=68D774A4.

39.     Plaintiff first observed Infringements 4-5 on September 22, 2025.

40.     The Infringements are copies of Plaintiff's original images that were directly copied and displayed by Defendant.

41.     Upon information and belief, the Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs.

42.     The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

43.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photographs.

44.     Upon information and belief, the Photographs were willfully and volitionally posted to the Accounts by Defendant.

45.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

46.     Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

47.     Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Accounts.

6

48.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised and/or had the right and ability to exercise such right.

49.    Upon information and belief, Defendant monitors the content on its Accounts.

50.    Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

51.    Upon information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendant to realize an increase in its business revenues.

52.    Upon information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Accounts.

53.    Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

54.    Defendant's use of the Photographs harmed the actual market for the Photographs.

55.    Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

56.    On December 1, 2025, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

57.    Thereafter, on December 31, 2025, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in attempt to avoid litigation.

58.    Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

59.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

60.    Plaintiff repeats and incorporates by reference the allegations contained in the

7

preceding paragraphs, as though set forth in full herein.

61.     The Photographs are original, creative works in which Plaintiff owns valid copyrights.

62.     The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

63.     Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

64.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

65.     Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright infringement.

66.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority.

67.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

68.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

69.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled

to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

70.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.    finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by copying and displaying it without a license or consent;

b.    for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.    for pre-judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

9

DATED: March 30, 2026

**SANDERS LAW GROUP**

By: ___/s/ Frances Lange_____
Frances Lange, Esq. (USDCPR 306501)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: flange@sanderslaw.group
File No.: 132567

*Attorneys for Plaintiff*

10